UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JIMMY BROOKS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 3:12-0821 |
| | )   Judge Sharp |
| | ) |
| WELLS FARGO BANK, N.A., | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM

Pending before the Court is Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss. (Docket No. 4). That motion has been fully briefed by the parties. (Docket Nos. 5, 7 & 10). For the reasons that follow, the Court will grant Defendant's Motion, but Plaintiff will be afforded an opportunity to amend his complaint.

### I. FACTUAL BACKGROUND

This is an action under the Tennessee Consumer Protection Act which arose out of a forbearance agreement between Plaintiff Jimmy Brooks, as the mortgagor of real property located at 7742 Sawyer Brown Road in Nashville, Tennessee, and Defendant, as mortgagee of that property. The sum and substance of Plaintiff's Complaint against Defendant is spelled out in the following four paragraphs:

> 6. The Plaintiff avers that he entered into a forbearance agreement with Defendant in July, 2011 which required that he pay certain monthly payments while the defendant assessed the Plaintiff for a loan modification. The Plaintiff avers that he completed the obligations required of him and that the Defendant falsely claims that he did not. The Plaintiff avers that he satisfied the requirements of the forbearance agreement while the Defendant misled the Plaintiff as to the requirements to qualify

1

for the forbearance and repeatedly stated that they had received all required documents requested and then would later claim that they did not have the required documents and would again schedule the property for foreclosure.

7. The Plaintiff avers that Defendant, Wells Fargo, has scheduled the property for foreclosure on multiple occasions and has then cancelled the foreclosure on the eve of the foreclosure. Currently the property is scheduled for forclosure on August 15, 2012. Defendant, Wells Fargo's actions have been deceptive and dishonest and have had an adverse effect on commerce.

8. The Plaintiff avers that as a direct and proximate result of Defendant Wells Fargo's actions he has sustained financial injury including the imminent loss of his property.

9. The Plaintiff avers that the actions of Defendant, Wells Fargo, have been unfair and deceptive to him and that he has relied upon the actions and representations of the bank in participating in the forbearance agreement with it to his detriment. The Plaintiff avers that he qualified for the modification of his mortgage and Defendant, Wells Fargo, has made constant efforts to prevent him from qualifying for the mortgage modification process.

(Docket No. 1, Complaint ¶¶ 6-9). The Complaint is in one count, alleging a violation of Tenn. Code Ann. "§ 47-191-104 and ET SEQ." (Id. at p. 3).

## II. **LEGAL DISCUSSION**

The TCPA prohibits unfair or deceptive acts or practices affecting the conduct of trade or commerce. Tenn. Code Ann. § 47–18–104(a). The Act then goes on to list a long number of acts or practices that "are declared to be unlawful," including a catchall provision that prohibits "[e]ngaging in any other act or practice which is deceptive to the consumer or any other person." Tenn. Code Ann. § 47–18–104(b)(27).

Defendant initially moved to dismiss, arguing that the only basis for Plaintiff's claim was subsection (b)(27), but the Tennessee Legislature has amended that subsection to state "that enforcement of this subdivision (b)(27) is vested exclusively in the office of the attorney general and reporter and the director of the division." Tenn. Code Ann. § 104(b)(27) (as amended effective Oct.

1, 2011). Defendant argues that since Plaintiff "cannot point to any other subsection of the TCPA for relief in this instance," his Complaint must be dismissed.

In his response, Plaintiff asserts that his TCPA claim is not brought under §104(b)(27), but rather under § 101(a), and indeed Plaintiff cites that provision in his Complaint. Defendant does not contest that assertion in its reply, but instead argues that dismissal is appropriate because the TCPA does not apply to the relationship between Plaintiff and his bank, and Plaintiff has failed to plead his TCPA claim with particularity.

"Generally, a reviewing court will not consider arguments that are raised for the first time in a reply brief." Girl Scouts of Middle Tennessee, Inc. v. Girl Scouts of the U.S., Inc., 2013 WL 1736643 at *1 (M.D. Tenn. April 19, 2013) (citing, Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 553 (6th Cir. 2008)). "However, 'the purpose of a reply brief is to allow the movant to rebut the nonmovant's response, thereby persuading the Court that the movant is entitled to the requested relief.'" Id. (quoting, Galderma Labs., L.P. v. Actavis Mid Atl. LLC, 2008 WL 3822622, at *1 (N.D. Tex. July 23, 2008)). "Thus, courts necessarily may consider new arguments in a movant's reply where those arguments address issues raised for the first time in the nonmovant's response." Id.

For three reasons, the Court finds it appropriate to consider the new arguments raised by Defendant in its reply brief. First, while Plaintiff did cite § 101(a), he also alleged that his claims were brought under that section "& ET SEQ.," suggesting that Plaintiff was also relying on one or more of the provisions found in subsection (b) because the TCPA itself is titled "unfair or deceptive acts" and subsection (a) contains only a generalized proscription against engaging in such acts or practices. Second, and somewhat relatedly, the October 1, 2011, Amendment that eliminated a private cause of action under subsection (27) for "any other act or practice which is deceptive to the

3

consumer," also removed the language "without limiting the scope of subsection (a)" previously found at the beginning of subsection (b). This arguably raises the possibility (not addressed by the parties) that the 51 prohibitions found in subsection (b) are now the only unfair or deceptive acts recognized by the Act. See, Tenn. Code Ann. § 104(b) (as amended effective Oct. 1, 2011) ("The following unfair or deceptive acts or practices affecting the conduct of any trade or commerce are declared to be unlawful and in violation of this part."). Third, Defendant raises the lack of precision in Plaintiff's Complaint, and, until the Court understands the precise nature of Plaintiff's claim, it cannot determine whether he states a cognizable TCPA claim.

Defendant argues that the TCPA only prohibits deceptive acts or practices that affect "trade" or "commerce," and those terms are defined as "advertising, offering, lease or rental, or distribution of any goods, services, or property, tangible or intangible, real, personal or mixed, and other articles, commodities or things valued wherever situated." Defendant contends that this definition simply does not apply to the relationship between a lender and debtor, or to forbearance and foreclosure activities between such parties.

In Hilton v. Wachovia Bank of Dela. Nat. Ass'n, 189 Fed. Appx. 394, 401 n. 11 (6th Cir. 2006), the Sixth Circuit questioned, albeit in dicta, whether a bank's "conduct, even if deceptive, might not be covered by the TCPA because it is not clear under Tennessee law that such actions related to a forbearance agreement would be seen as affecting commerce." Just recently, Judge Campbell noted that "Tennessee courts have found that the TCPA does not apply to mortgage foreclosures," that "the TCPA itself provides that it is also not applicable to 'credit terms of a transaction,'" and held "that renegotiation of a loan – that is, a loan modification application – involves the credit terms of a transaction and, therefore, the TCPA does not apply." Silvestro v.

4

Bank of Amer., N.A., 2013 WL 1149301 at *5 (M.D. Tenn. 2013) (quoting, Tenn. Code Ann. 47-18-111(a)(3)); see, Malone v. U.S. Bank Nat. Ass'n, 2013 WL 392487 at *5 (W.D. Tenn. Jan. 30, 2013) ("the TCPA does not apply to foreclosure proceedings") .

Whether the allegedly deceptive acts or practice affect trade or commerce as those terms are defined and have come to be understood is not clear from the Complaint. On the one hand, Plaintiff asserts the bank misled him by stating that he qualified for loan modification, and seems to be complaining about Defendant's alleged machinations in stating that it had all the documents, despite later claiming otherwise. These are the very sorts of things found not to be a basis for a TCPA claim in Silvestro. On the other hand, Plaintiff seems to be complaining about the fact that he allegedly complied with the forbearance agreement, but Defendant did not. This may be nothing more than a garden variety breach of contract dispute, or it may be something that does not relate to credit terms, such that cases like Silvestro do not apply. See, Humphreys v. Bank of America Corp., 2012 WL 1022988 at *13 (W.D. Tenn. Mar. 26, 2012) ("Even if the Mortgage consisted of 'credit terms,' the Court finds that Plaintiff's TCPA claim does not relate to those terms itself; instead, it relates to Defendants' actions leading up to the signing of the Mortgage and then performance under the terms of the Mortgage. Therefore, the Court finds that § 47–18–111(a)(3)'s exemption does not apply to Defendants").

The present Complaint is exceedingly light on facts, and not a model of clarity. The Court cannot tell if Plaintiff can state a valid TCPA claim. Accordingly, the Court will allow Plaintiff to amend his Complaint.

In allowing amendment, Plaintiff is specifically advised that it has been repeatedly held that TCPA complaints must be pled with particularity. This applies whether the TCPA claim is based

5

on fraud or on deceptive acts. See, Audio Visual Artistry v. Tanszer, 2012 WL 6697600 at *20 (Tenn Ct. App. Dec. 26, 2012) ("we note that allegations of the fraudulent or deceptive acts, giving rise to the TCPA claim, must be pled with particularity"); Metro. Prop. & Cas. Ins. Co. v. Bell, 2005 WL 1193446 at *5 (6th Cir. Aug. 17, 2005) (under TCPA, "fraud must be pleaded with specificity, *see, e.g.,* Fed. R. Civ. P. 9(b), [and] that requirement applies to allegations of unfair and deceptive acts"); Malone v. U.S. Bank Nat'l Assn., 2013 WL 392487 at *5 n.26 (W.D. Tenn. Jan. 30, 2013). At a minimum, and to avoid dismissal, Plaintiff must set forth both the specific facts and the specific fraudulent, deceptive or unfair acts or practices engaged in by Defendant. See, Mantsevich v. Countrywide Home Loans, Inc., 2013 WL 1326963 at *5 (E.D. Tenn. Mar. 29, 2013); Agfa Photo United States Corp. v. Parham, 2007 WL 1655891 at *11 (E.D. Tenn. June 5, 2007).

### III. CONCLUSION

Based upon the foregoing, Defendant's Motion to Dismiss will be granted. However, Plaintiff will be given leave to file an Amended Complaint, setting forth his TCPA claim with particularity.

An appropriate Order will be entered.

_____
KEVIN H. SHARP
UNITED STATE DISTRICT JUDGE