UNITED STATES DISTRICT COURT
MIDDLED DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JIMMY BROOKS, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:12-0821 |
| | ) Judge Sharp |
| WELLS FARGO BANK, N.A., | ) |
| Defendant. | ) |

## MEMORANDUM

This litigation arose after Defendant Wells Fargo Bank, N.A. threatened to foreclose on Plaintiff Jimmy Brooks's residence. Plaintiff originally filed a one-count Complaint under the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. § 47-18-101 *et seq*., but that Complaint was dismissed without prejudice by Order of the Court dated May 9, 2013. (Docket No. 14). Now pending before the Court is Wells Fargo's fully briefed "Motion to Dismiss Plaintiff's Amended Complaint." (Docket No. 19).

## I. BACKGROUND ALLEGATIONS

According to the Amended Complaint, and the Deed of Trust referenced therein, Plaintiff is the mortgagor and Wells Fargo is the mortgagee on real property located at 7742 Sawyer Brown Road in Nashville, Tennessee. The Deed of Trust was executed by Plaintiff on January 20, 2006, in favor of Wells Fargo in the amount of $175,000.

Plaintiff alleges that in July 2011 the parties entered into an oral agreement via telephone which required Plaintiff to pay certain monthly payments while Wells Fargo assessed his eligibility for a loan modification. Plaintiff claims that he completed the obligations requested of him, but Wells Fargo repeatedly stated it had not received the required documents and would schedule the

1

property for foreclosure, only to have the foreclosure cancelled on the eve of the sale.

Plaintiff also alleges that on numerous occasions, Wells Fargo mailed him statements, incorrectly claiming that he had a past due balance of a certain amount, and that his monthly payments were applied to the allegedly past due amount. Such mailings are said to have occurred almost monthly between July 2011 and February 2012.

Plaintiff further claims that Wells Fargo in those statements falsely billed him for amounts that were not contractually owed. Nevertheless, he made payments in accordance with the invoices so as to prevent foreclosure.

Based upon these events, Plaintiff filed a three-count Amended Complaint alleging breach of contract and the implied covenant of good faith and fair dealing; violation of the TCPA; and intentional misrepresentation and promissory fraud. He seeks compensatory, treble, and punitive damages, as well as attorney's fees. Wells Fargo seeks dismissal of all counts.

## II. LEGAL DISCUSSION

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must take "all well-pleaded material allegations of the pleadings" as true. Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010). The factual allegations in the complaint "need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." Id. (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009)). "'A legal conclusion couched as a factual allegation,'" however, "need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient." Id. (quoting Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 609 (6th Cir. 2009) and Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007)). Further, in determining whether a complaint sets forth a plausible claim, a court may consider not only the

allegations, but "may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." Ley v. Visteon Corp., 543 F.3d 801, 805 (6th Cir. 2008) (citation omitted).

**A. Breach of Contract/Implied Covenant of Good Faith and Fair Dealing (Count One)**

The essential elements of any breach of contract claim are "'(1) the existence of an enforceable contract, (2) nonperformance amounting to breach of the contract, and (3) damages caused by the breach of the contract.'" In re Estate of Beazley, 2012 WL 3025176, at*4 (Tenn. Ct. App. July 24, 2012) (quoting ARC Lifemed, Inc. v. AMC-Tenn., Inc., 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005)).

Wells Fargo argues that Plaintiff cannot meet the elements of a breach of contract claim under Tennessee law because Plaintiff "has failed to provide any factual allegations relating to what 'unlawful fees' Wells Fargo charged or how Wells Fargo failed to account for and credit his debt." (Docket No. 20 at 4). It also argues that any alleged forbearance agreement would constitute an agreement to alter or amend the Deed of Trust and as such, the agreement needed to be in writing pursuant to Tenn. Code Ann. § 29-2-101(b)(1) which provides:

> No action shall be brought against a lender or creditor upon any promise or commitment to lend money or to extend credit, or upon any promise or commitment to alter, amend, renew, extend or otherwise modify or supplement any written promise, agreement or commitment to lend money or extend credit, unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the lender or creditor, or some other person lawfully authorized by such lender or creditor.

(Id. at 5).

Plaintiff's entire response to Wells Fargo's breach of contract argument is as follows:

> The Plaintiff submits that the Defendant argues that the Plaintiff has pled a breach of contract claim for violating the terms of the deed of trust. The Defendant is mistaken as to this argument. The Plaintiff has pled a breach of contract of the mortgage

3

> contract between the parties which is the promissory note which is secured by the deed of trust. Therefore, the Defendant's arguments as to the Plaintiff's breach of contract claims should be denied because they are misplaced.

(Docket No. 25). This hardly elucidates Plaintiff's position on the breach of contract claim, and wholly fails to address Wells Fargo's assertion that he has failed to adequately allege a breach of contract.

While purporting to rely on the promissory note for his breach of contract claim, that document is not attached to the Amended Complaint, nor is any reference made to any of the provisions contained therein which are alleged to have been breached by Wells Fargo. "In the context of claims arising out of an alleged breach of contract, a plaintiff must identify the specific contract language whereby the defendant assumed a legally-enforceable obligation to the plaintiff." Lee v. Potter, Co., 2009 WL 2057625, at *7 (S.D. Ohio July 14, 2009). See also Shirley v. NationStar Mtg. LLC, 2011 WL 11967787, at *2 (E.D. Tenn. Mar. 29, 2011) (dismissal of contract claim appropriate where plaintiff did not attach contract to complaint, failed to point to any specific clause of the contract, and made conclusory allegations that the contract was breached).

Moreover, Plaintiff has failed to sufficiently allege nonperformance by Wells Fargo that amounted to a breach of the promissory note. In the body of his Amended Complaint, Plaintiff repeatedly alleges that Wells Fargo required that he make monthly payments, but then applied those payments to "past due payments and charges" and that "[t]his was done in bad faith with the intent and purpose of gaining an advantage in the contractual relationship between the parties." (Docket No. 16, Amended Complaint ¶¶ 10-18). In Count One, which sets forth the breach of contract/implied covenant claim, Plaintiff alleges:

> 28. The Plaintiff avers that Defendant, Wells Fargo, has and had a duty to account for and credit his debt owed to it as well as to not charge unspecified fees to which he never agreed.

29. The Plaintiff avers that this not only breached the contract with it, but also violated the implied Covenant of Good Faith and Fair Dealing.

30. The Plaintiff avers that the Defendant credited his payments to unlawful fees which constitutes a breach of contract.

(Id. ¶¶ 28-30).

"A bare allegation of breach of contract states no claim under the Twombly/Iqbal standard in the absence of supporting facts." Robinson v. Everhome Mtg., 2013 WL 6327829 at *3 (W.D. Mich. 2013). Thus, in Alshibani v. Litton Loan Serv., LP, the Sixth Circuit held that

> Plaintiff's naked allegation that Litton "breached the terms of the Mortgage by, including but not limited to, failing to apply Plaintiff's [p]ayments in accordance with the terms of the [m]ortgage," is simply a legal conclusion couched as a factual allegation. As a practical matter, Plaintiffs'' factually unadorned allegation that Litton misapplied their payments does no more to render their claim plausible than would a simple legal conclusion that Litton breached the mortgage.

528 F. App'x 462, 465 (6th Cir. 2013). Similarly, a breach of contract claim was found to be insufficiently pled in Bihn v. Fifth Third Mtg. Co., 2013 WL 5882063, at *12 (S.D. Ohio Oct. 30, 2013) because plaintiff failed to "offer any details of the alleged breach" and instead asserted that "in charging alleged fees, expenses, and costs of collection which are not permitted under the agreements [the mortgage company] has breached these agreements." See also Elmore v. One West Bank FSB, 2012 WL 6156035, at *3 (W.D. Tenn. Dec. 11, 2012) (simply alleging that bank "'ran-up' unexplained charges and fees" and imposed "excessive" or "duplicate fees" is insufficient to state a breach of contract claim under Tennessee law).

Plaintiff's Amended Complaint suffers the same infirmities. He conclusorily alleges, as in Litton, that the contract was breached because he made payments which were not properly credited, and he alleges, as in Bihn, that he was charged fees and costs that supposedly were not allowed by the agreement. He makes no effort to detail the alleged breach in the context of the promissory note,

5

or to even identify the supposedly "unlawful fees" to which he never agreed.

Because Plaintiff has failed to sufficiently allege a breach of contract, his breach of the duty of good faith and fair dealing claim necessarily fails as well. "In Tennessee, parties to a contract 'owe each other a duty of good faith and fair dealing as it pertains to the performance of a contract,'" and "[e]very contract carries with it the implied covenant of good faith and fair dealing." Ike v. Quantum Serv. Corp., 2012 WL 3727132, at *5 (W.D. Tenn. Aug. 27, 2012) (citation omitted) (collecting cases). However, this implied covenant does not itself create contractual rights or obligations, and "[t]hus, 'absent a valid claim for breach of contract, there is no cause of action for breach of implied covenant of good faith and fair dealing.'" Id. (citation omitted); accord Berry v. Mtg. Elec. Reg. Sys., 2013 WL 5634472, at *7 (Tenn. Ct. App. Oct. 15, 2013).

B. **TCPA Claim (Count Two)**

In Count Two, Plaintiff alleges that Wells Fargo violated the TCPA "by engaging in repeated unfair and deceptive acts[.]" (Docket No. 16, Am. Comp. ¶¶ 32). More specifically, he contends Wells Fargo "represented that the Forbearance Agreement conferred certain rights on the Plaintiff which it did not." (Id.). What those rights may be, Plaintiff does not explain.

Wells Fargo moves to dismiss this claim on three grounds. First, it argues that the TCPA claim is not sufficiently pled. Second, it argues that Plaintiff has failed to allege an ascertainable loss of money. Third, because Plaintiff's claim relates to credit terms, Wells Fargo argues that the same does not state a claim under the TCPA.

In this Court's prior decision, Brooks v. Wells Fargo Bank N.A., 2013 WL 1935522, at *4 (M.D. Tenn. May 9, 2013), Plaintiff was specifically advised that whether the claim was based on fraud or deceptive acts, a TCPA claim must be pled with particularity, and that "[a]t a minimum, and to avoid dismissal, Plaintiff must set forth both the specific facts and the specific fraudulent,

6

deceptive or unfair acts or practices engaged in by Defendant." Noting that the Complaint was "exceedingly light on facts, and not a model of clarity," id., Plaintiff was given an opportunity to amend his Complaint.

Plaintiff has made some effort to cure the pleading deficiencies identified by the Court because he lists a number of mailings that he received from Wells Fargo that allegedly set out an improper amount owed on a given date, and solely for the sake of argument, the Court will accept that he has pled a TCPA claim with minimal particularity. Nevertheless, his TCPA claim fails because the Act does not apply to the credit terms between a lender and debtor, or to forbearance and foreclosure activities between such parties.

As this Court pointed out in its prior ruling, the Sixth Circuit in Hilton v. Wachovia Bank of Dela. Nat. Ass'n, 189 F. App'x. 394, 401 n.11 (6th Cir. 2006) "questioned, albeit in dicta, whether a bank's 'conduct, even if deceptive, might not be covered by the TCPA because it is not clear under Tennessee law that such actions related to a forbearance agreement would be seen as affecting commerce.'" Brooks, 2013 WL 1935522, at *3. The Court also observed that Judge Campbell in Silvestro v. Bank of Amer., N.A., 2013 WL 1149301, at *5 (M.D. Tenn. Mar. 19, 2013), held that "'Tennessee courts have found that the TCPA does not apply to mortgage foreclosures,'" that "'the TCPA itself provides that it is also not applicable to 'credit terms of a transaction,'" and "'that renegotiation of a loan—that is, a loan modification application—involves the credit terms of a transaction and, therefore, the TCPA does not apply.'" Id. Nevertheless, this Court provided Plaintiff an opportunity to amend the TCPA claim, writing:

> Whether the allegedly deceptive acts or practice affect trade or commerce as those terms are defined and have come to be understood is not clear from the Complaint. On the one hand, Plaintiff asserts the bank misled him by stating that he qualified for loan modification, and seems to be complaining about Defendant's alleged machinations in stating that it had all the documents, despite later claiming

otherwise. These are the very sorts of things found not to be a basis for a TCPA claim in Silvestro. On the other hand, Plaintiff seems to be complaining about the fact that he allegedly complied with the forbearance agreement, but Defendant did not. This may be nothing more than a garden variety breach of contract dispute, or it may be something that does not relate to credit terms, such that cases like Silvestro do not apply. See, Humphreys v. Bank of America Corp., 2012 WL 1022988 at * 13 (W.D.Tenn. Mar.26, 2012).

Id.

In moving to dismiss the Amended Complaint, Wells Fargo discusses both Silvestro and Humphreys and argues that, as best as can be discerned from Plaintiff's pleadings, the facts here are more akin to those in Silvestro than Humphreys. Plaintiff's entire response to that argument is as follows:

> The Defendant argues further that the Plaintiff has failed to plead a cause of action pursuant to the Tennessee Consumer Protection Act because it does not apply to credit agreements and foreclosures pursuant to the ruling in the Silvestro v. Bank of America, N.A. 2013 WL 1149301(M.D. TENN. MAR., 2013) case. However, the facts as alleged by the Plaintiff are more close to the facts in the Humphreys v. Bank of America Corp., 2012 WL 1022988( W.D. TENN. MAR. 26, 2012) [case]. As such, the Plaintiff submits that the Plaintiff has set forth a cause of action upon which relief can be granted. There is a basis for these claims as pled and the TCPA is applicable. The factual allegations in paragraphs 5-26 do constitute "unfair and deceptive" acts which constitute violations of the TCPA and particularly Tenn. Code Ann. sec. 47-18-104(a) and sec. 47-18-104(b)(12). The Plaintiff respectfully submits that the Defendant's motion should be denied.

(Docket No. 25 at 4-5) (capitalization in original).

Plaintiff's argument is unhelpful. Nevertheless, the Court has thoroughly reviewed the Amended Complaint and determines that it fails to state a claim under the TCPA.

In Count Two, Plaintiff alleges that Wells Fargo has violated the TCPA "by engaging in repeated and unfair deceptive acts as heretofor [sic] pled on multiple occasions," and that it "represented that the Forbearance Agreement conferred certain rights on the Plaintiff which it did not." (Docket No. 16, Am. Comp. ¶ 32). Presumably, the "pled on multiple occasions" language is

8

a reference to Paragraphs 5 to 26 as asserted in Plaintiff's "argument" in response to the Motion to Dismiss. Just as in the original Complaint, those paragraphs set forth many of the same types of allegations that Judge Campbell found not to support a TCPA claim against a mortgage lender; for example, that Wells Fargo agreed to a forebearance agreement but ignored it, and that it repeatedly claimed to have all required documents, only to later claim otherwise.

As for Plaintiff's allegations that Wells Fargo made constant efforts to prevent him from qualifying for the mortgage modification program and threatened or scheduled foreclosures, courts applying Tennessee law have consistently held that a lenders' actions relating to foreclosure and debt collection, even when pursuing loan modification, are not covered by the TCPA. Amour v. Bank of Am., N.A., 2013 WL 6497821, at *5 (E.D. Tenn. Dec. 10, 2013); Pugh v. Bank of Am., 2013 WL 3349649, at *7 (W.D. Tenn. July 2, 2013) (both collecting cases). Finally, the TCPA specifically exempts "credit terms of a transaction," Tenn. Code Ann. § 47-18-111(a), and Tenn. Code Ann. 47-18-104(b)(12), upon which Plaintiff specifically relies for his TCPA claim, merely precludes "representing that a consumer transaction confers or involves rights, remedies or obligations that it does not have or involve or which are prohibited by law[.]" Wells Fargo's alleged misrepresenations as to the payoff amounts or charges on the billing statements simply do not arise under that provision.

Humphreys does not counsel a different result because it did not directly address whether the TCPA covers foreclosure activities. Rather its focus was on "whether the plaintiff's proposed amendment to the complaint was time-barred." Pugh. 2013 WL 3349649, at *8. Moreover, plaintiffs' allegations in Humphreys were much broader, including the alleged breach of a settlement agreement between Countrywide Home Loan Servicing and the Tennessee Attorney General over deceptive trade practices under the TCPA, and the alleged breach a final judgment in which Bank of

9

America "agreed to provide a wide spectrum of relief to Tennessee homeowners who had received Pay Option ARMs and other risky and exploitive loan products from Countrywide." Humphreys, 20131022988, at *5.

## C. **Intentional Misrepresentation/Promissory Fraud Claim (Count Three)**

In Count Three, Plaintiff alleges that Wells Fargo knowingly and intentionally misrepresented the amounts Plaintiff owed in the monthly invoices sent to him, that he reasonably relied and "sustained damages" as a direct result of those statements, and that Wells Fargo reneged on its promise that if he met certain obligations it would not foreclose on his residence by continuing to pursue foreclosure. Wells Fargo seeks dismissal of this count on the grounds that it is not adequately pled, both as to particularity and alleged reliance.

In Hodge v. Craig, 382 S.W.3d 325, 342-43 (Tenn. 2012), the Tennessee Supreme Court stated that "'intentional misrepresentation,' 'fraudulent misrepresentation,' and 'fraud' are different names for the same cause of action," and suggested that the term "intentional misrepresentation" be "used exclusively" for such a claim. "[I]ntentional misrepresentation in the form of promissory fraud . . . is a kind of fraud 'perpetrated by means of a false promise of future action.'" Hood Land Trust v. Hastings, 2010 WL 3928647, at*7 (Tenn. Ct. App. Oct. 5, 2010) (quoting, Shahrdar v. Global Housing, Inc., 983 S.W.2d 230, 237 (Tenn. Ct. App. 1998)).

"The elements of a fraud claim are: (1) an intentional misrepresentation of material fact; (2) the misrepresentation was made 'knowingly,' 'without belief in its truth,' or 'recklessly without regard to its truth or falsity'; (3) the plaintiff reasonably relied on the misrepresentation and suffered damages; and (4) the misrepresentation relates to an existing or past fact, or, 'if the claim is based on promissory fraud, then the misrepresentation must embody a promise of future action without the present intention to carry out the promise.'" Power & Tele. Supply Co. v. SunTrust Banks, Inc., 447

10

F.3d 923, 931 (6th Cir. 2006) (quoting Stacks v. Saunders, 812 S.W.2d 587, 592 (Tenn. Ct. App. 1990)). Because both causes of action sound in fraud, they "must be stated with particularity, and the plaintiff must, at a minimum, allege the time, place and content of the misrepresentations; the defendant's fraudulent intent; the fraudulent scheme; and the injury resulting from the fraud." Id

Having considered the arguments of the parties, as well as Plaintiff's Amended Complaint and the inferences to be drawn therefrom, the Court finds that Plaintiff has sufficiently pled an intentional misrepresentation/promissory fraud claim, even if barely so. He alleges that on certain specific dates Wells Fargo mailed to him statements that were knowingly incorrect, that it assessed payments which were not provided for under the parties' agreement, that he made the payments demanded on those statements in an effort stave off a foreclosure, and that (at least by inference) those payments were used to pay unauthorized charges. He also alleges that he continued to receive such statements even though the parties had entered into a forbearance agreement in July 2011 which required only that he make certain monthly payments.

While "Fed. R. Civ. P. 9(b) requires that averments of fraud must be stated with particularity," Coffey v. Foamexz L.P., 2 F.3d 157, 162 (6th Cir. 1993) , "'Rule 9(b)'s particularlity requirement does not mute the general principles set out in Rule 8; rather, the two rules must be read in harmony,'" Sanderson v. HCA-The Healthcare Co., 447 F.3d 873, 876 (6th Cir. 2006). The "threshold test" for a fraud claim is whether "the complaint places the defendants on 'sufficient notice of the misrepresentation,' allowing the defendants to 'answer in an informed way plaintiffs [sic] claim of fraud.'" Coffey, 2 F.3d at 162 (citation omitted)

Those requirements are minimally met here since the documents containing the allegedly wrongful charges are said to be Wells Fargo's own, and Wells Fargo does not appear to claim that there was, in fact, no forbearance agreement ever discussed with Plaintiff. When the facts and

reasonable inferences are construed in Plaintiff favor, he has raised "the right to relief above a speculative level," Twombly, 550 U.S. at 555–56, and his intentional misrepresentation/promissory fraud claim will not be dismissed at this juncture. See Silvestro, 2013 WL 1149301, at *3 (dismissal of intentional fraud claim warranted where plaintiffs claimed that defendant told them their loan modification application was being reviewed, the application was complete, the application had been approved but later denied, that plaintiff should make trial payments, and that plaintiffs submitted documents and attempted to finalize their loan application in reliance on the agreement, only later to be found delinquent in their payments).

## IV. **CONCLUSION**

On the basis of the foregoing, Wells Fargo's Motion to Dismiss will be granted with respect to Plaintiff's breach of contract and TCPA claims, but denied with respect to his intentional misrepresentation/promissory fraud claim.

An appropriate Order will be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE